UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISHIGAMAA MOORS on behalf of
members SHA'TEINA ANAHITA LIN
GRADY EL f/k/a SHATINA LYNN
GRADY, DANIYAL KA RHI GRADY EL
f/k/a DANIEL EUGENE GRADY, AMARI
ANN GWENNET DIGGINS EL f/k/a ANN
GWENNET DIGGINS, and DERREON
LEKEPH BAKER EL f/k/a DERREON
LEKEPH BAKER,

          Plaintiffs,

v.

CANTON POLICE DEPARTMENT,
SCOTT PORTER, GREG DEGRAND,
PETE ALESTRA, ERIC KOLKE,
ANDREW KELLEY, JESSICA
NUOTTILA, JASON BLICKENSDORF,
J. KANE, JACOB KROGMEIR, CHAD
BAUGH, and JOSHUA MEIER,

          Defendants.
_____/

Case No. 20-cv-10361

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION AND ORDER: (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF NO. 2); AND (2) SUMMARILY DISMISSING CASE

### I. INTRODUCTION

This case is one of the growing number of cases filed by litigants involved in Moorish American sovereign citizen movements. *See Grayson-Bey v. Hutchinson*, No. 2:20-cv-10487, 2020 WL 1047730, at *2 (E.D. Mich. Mar. 4, 2020) (noting

uptick in cases filed by Moorish American litigants in federal courts). Here, Plaintiff Mishigamma Moors, on behalf of four of its members, Sha'teina Anahita Lin Grady El, formerly known as Shatina Lynn Grady (Sha'teina), Daniyal Ka Rhi Grady El formerly known as Daniel Eugene Grady (Daniyal), Amari Ann Gwennet Diggins El formerly known as Ann Gwennet Diggins (Amari), and Derreon Lekeph Baker El formerly known as Derreon Lekeph Baker (Derreon), has filed a 124-count Complaint attempting to charge Defendants, the Canton Township Police Department and eleven individual officers or employees of the Department, with federal crimes. (ECF No. 8, Appeal to Proceed, PgID 106–26.)

Now before the Court are Plaintiff Mishigamma Moors' Application to Proceed *In Forma Pauperis*, signed by Sha'teina Lin Grady El, (ECF No. 2) and Defendants' Motion to Dismiss (ECF No. 10). For the reasons stated below, the Court denies Plaintiff's Application to Proceed *In Forma Pauperis* and summarily dismisses the case. Accordingly, Defendants' Motion to Dismiss is moot.

## II. BACKGROUND

### A. Facts

At this stage, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). To determine whether a complaint states a claim for relief, the Court may consider the complaint as well as (1) documents that are referenced in the

plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."). Thus, the following factual background is based on the "Appeal to Proceed," which this Court construes as an Amended Complaint, as well as the information and police reports filed with the original Complaint, and it is presented in the light most favorable to Plaintiff Mishigamma Moors.

This case arises from a traffic stop on March 9, 2019. (ECF No. 8, Appeal to Proceed, PgID 107.) Around 12:40 p.m., members Sha'Teina and Daniyal were driving and were stopped by Defendant Canton Township police officers. (*Id.*)

3

Sha'Teina and Daniyal informed the officers that they identified as Moorish Americans and that, as such, they believed that the traffic stop was a violation of their rights. (*Id.*) The officers rejected Sha'Teina's and Daniyal's Moorish national identification, detained them, and eventually arrested them. (*Id.*) During the arrest and subsequent medical treatment, Defendant Officer Nuottila made Sha'Teina walk in bare feet and without a coat in "frigid" temperatures. (*Id.* at PgID 107–08.)

Derreon and Amari arrived at the stop to record the arrests on their cellphones and were also arrested. (*Id.* at 107.) Daniyal was released from Canton Township custody within hours, but Derreon and Amari were held for three days, then transferred to Wayne County Jail for two weeks, and Sha'Teina was held at Wayne County Jail for 140 days. (*Id.*) Plaintiff Mishigamma Moors asserts that none of the four members arrested were ever advised of their Miranda rights. (*Id.* at PgID 108.)

According to the police reports, Defendant Officers Porter and Nuottila initiated the traffic stop because the car Sha'Teina and Daniyal were in was not registered. (ECF No. 1, Police Reports, PgID 28.) When the officers approached the car, neither Daniyal nor Sha'Teina would open their windows more than a crack, and they informed the officers that, as Moorish nationals, they did not need to register the car. (*Id.*) Daniyal refused to move a paper blocking the car's VIN plate and refused to provide his driver's license, registration, and proof of insurance. (*Id.*) Daniyal eventually provided his Moorish ID card but never showed a driver's license

4

or any other requested documentation. (*Id.*) Sha'Teina refused to provide any type of identification. (*Id.*) The officers repeatedly asked Daniyal to move the paper covering the VIN, indicating that if he complied he would be free to leave. (*Id.* at PgID 29.) Daniyal continued to refuse, citing his Moorish identity. (*Id.*)

After running the car's license plate through a different database, Officer Porter identified Sha'Teina and discovered two misdemeanor warrants for her arrest from the Taylor Police Department. (*Id.*) The officers contacted the Taylor Police Department, and they confirmed the warrants and indicated that they wanted to take custody of Sha'Teina. (*Id.*) The officers then went to Sha'Teina, informed her that she had warrants for her arrest, but she refused to exit the car. (*Id.* at PgID 30.) After additional requests to Sha'Teina to exit, and after additional officers arrived, Defendant Officer Blickensdorf broke the passenger side window, Officer Porter unclipped Sha'Teina's seatbelt, and several officers pulled a noncompliant Sha'Teina from the car. (*Id.*) Once she was out of the car, Sha'Teina kicked at the officers and refused to roll to her stomach with her hands behind her back. (*Id.*)

At some point during the traffic stop, Derreon, Amari, and other family members of Sha'Teina and Daniyal arrived at the scene of the stop to film the encounter. (*Id.* at PgID 29.) When Sha'Teina was pulled from the car, Derreon, Amari and others intervened by physically fighting the officers arresting Sha'Teina.

(*Id.* at PgID 30.) Daniyal's window was also broken, but once that occurred, he did not resist any further. (*Id.* at PgID 31.)

Ultimately, Daniyal, Derreon, Amari, and Sha'Teina were arrested. (*Id.*) Sha'Teina was treated for shoulder and arm pain, abrasions over her right eye, and abrasions on her hand after she was processed. (*Id.* at PgID 37.) On March 12, 2019, Derreon, Amari, and Sha'Teina were each charged with several counts of assaulting, battering, wounding, resisting, obstructing, or endangering a police officer under Mich. Comp. Laws § 750.81d(1). (ECF No. 1, Information, PgID 25–27.)

### B. Procedure

Plaintiff Mishigamma Moors filed its Complaint and Application to Proceed *In Forma Pauperis* in this action on February 11, 2020. (ECF Nos. 1, 2.) It also filed a "Writ of Prohibitio, Notice of Removal" attempting to remove a case with the number 19-002313-03FH into federal court. (ECF No. 3.)

On February 13, this Court struck the Complaint for failure to comply with Local Rule 5.1(a)(3), which requires the type size of all text to be no smaller than 14 point. (ECF No. 5.) Plaintiff was given fifteen days to file a corrected complaint. (*Id*.) Instead of filing a corrected complaint, on February 28, Plaintiff filed a Notice of Appeal of the order, and included a partially corrected complaint. (ECF No. 8.) The United States Court of Appeal for the Sixth Circuit dismissed the appeal for lack

of jurisdiction on March 27, 2020. (ECF No. 11.) Finally, all Defendants filed a Motion to Dismiss on March 4, 2020. (ECF No. 10.)

### III. ANALYSIS

#### A. Application to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a person to commence a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." There are two problems with Plaintiff Mishigamma Moors' application. First, Mishigamma Moors, which is some kind of collective entity, not a natural person, "is not a 'person' for purposes of litigating in federal court," and is therefore not a person entitled to commence a civil action without prepaying fees of costs. *Moorish Sci. Temple of Am. v. Michigan*, No. 14-cv-12166, 2014 WL 2711945, at *1 (E.D. Mich. June 16, 2014). In fact, Mishigamma Moors, as an association, cannot litigate this case at all without the use of counsel. *Id.* at *1–2 ("A complaint filed by an unrepresented corporation, partnership or unincorporated association is a nullity which may be stricken and the claims dismissed.") Second, Sha'teina, who filled out the form on behalf of Mishigamma Moors, answered every question on the application with either "N/A" or "N/A 4th Amendment." She therefore has not demonstrated that the organization is unable to prepay the fees and costs associated

with filing a civil action in this Court. Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is denied. (ECF No. 2.)

**B.   Dismissal**

The Court also dismisses this action as frivolous and for failure to state a claim upon which relief may be granted. Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint at any time if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.

A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). . . . Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

8

*McGore v. Wrigglesworth,* 114 F.3d 601, 608–09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

A complaint fails to state a claim upon which relief can be granted when the litigant has not alleged "enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This action is frivolous for two reasons. First, as referenced above, "[a] complaint filed by an unrepresented corporation, partnership or unincorporated association is a nullity which may be stricken and the claims dismissed." *Moorish Sci. Temple of Am.*, No. 14-cv-12166, 2014 WL 2711945, at *2. Plaintiff, which appears to be an unincorporated association of some sort, cannot present claims on behalf of its members without representation. This alone is a sufficient basis for dismissing the case. *Id.*

9

Second, several of the laws relied upon by Plaintiff can never form the basis of a private action for relief. Plaintiff cites the Treaty of Peace and Friendship (Treaty of Amity and Commerce) between Morocco and the United States. (ECF No. 8, Appeal to Proceed, PgID 106–07.) When this treaty is cited for claims arising in the United States, as the claims did here, the claims are "facially frivolous." *Grayson-Bey*, No. 2:20-cv-10487, 2020 WL 1047730, at *2 (quoting *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011)). Further, in each of the 124 counts Plaintiff cites either 18 U.S.C. § 241 or 18 U.S.C. § 242, which are criminal statutes that do not create private rights of action. (ECF No. 8, Appeal to Proceed, PgID 108–24); *see United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes.") Plaintiff, as a private entity, is not entitled to seek criminal sanctions against Defendants, which makes all 124 counts frivolous.

Finally, even construing the complaint as stating claims under 42 U.S.C. § 1983, which is the proper means of "challenging the constitutionality of the events" (ECF No. 8, Appeal to Proceed, PgID 106), the allegations fail to state a claim upon which relief can be granted. Plaintiff asserts that Defendants violated each member's Fourth Amendment right to be free from unreasonable searches and

seizures and that they violated Daniyal's Fifth Amendment right to travel. (ECF No. 8, Appeal to Proceed, PgID 108–24.)

To prove that an arrest violated the Fourth Amendment, a plaintiff must show that the arrest was not supported by probable cause. *See Thacker v. City of Columbus*, 328 F.3d 244, 255 (6th Cir. 2003) (citing *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir.2003)). Probable cause exists where the arresting officer knows of facts and circumstances that would lead a reasonably prudent person to believe that the arrestee is committing a criminal offense. *See id.* Here, Plaintiff's vague allegations do not address the question of probable cause, but the documentation that it attached to the Complaint indicates that there were valid warrants for Sha'Teina's arrest, that Daniyal was driving without a license, and that Derreon and Amari were arrested while they were physically fighting Defendant officers—the crime for which they were arrested. (ECF No. 1, Police Reports, PgID 29–31.) Thus, there is ample evidence of probable cause for the arrests at issue.

Plaintiff's Fifth Amendment claim is also frivolous. The basis for the claim appears to be Daniyal's arrest for driving without a license. While the Fifth Amendment creates and protects a fundamental right to travel, "there is no fundamental right to drive a motor vehicle," and states are free to require drivers to have licenses. *Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000). Thus, Defendants did not violate Daniyal's right to travel.

Due to the numerous flaws in, and frivolous nature of, Plaintiff's Complaint, the Court summarily dismisses this case under 28 U.S.C. § 1915(e)(2)(B). This necessarily renders Defendants' Motion to Dismiss moot. (ECF No. 10.)

### IV. CONCLUSION

For the reasons set forth above, it is ordered that Plaintiff's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs (ECF No. 2) is DENIED. It is further ordered that the action is DISMISSED with prejudice.

IT IS SO ORDERED.


Dated: May 8, 2020                          s/Paul D. Borman
                                                       Paul D. Borman
                                                       United States District Judge